IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
In re:                              )
                                    )
RAIN TREE HEALTHCARE OF             )
WINSTON-SALEM, LLC,                 )
                                    )
            Debtor,                 )
                                    )
_____)
                                    )
RAIN TREE HEALTHCARE OF             )
WINSTON-SALEM, LLC,                 )
                                    )
            Appellant,              )
                                    )
     v.                             )     1:17CV546
                                    )
J & F PARTNERS, LLC, and            )
WILLIAM P. MILLER,                  )
                                    )
            Appellees.              )
```

## **MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Appellant Rain Tree Healthcare of Winston-Salem, LLC ("Rain Tree") filed a voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina. (Doc. 5-10.) The bankruptcy court granted a motion to dismiss this bankruptcy case. (Doc. 5-4.) Rain Tree then appealed to this court. (Doc. 1.)

This matter comes before the court on Appellee J & F Partners, LLC's ("J & F's") Amended Motion to Dismiss Appeal,

(Doc. 17), on the grounds that Rain Tree's appeal is equitably moot. Appellee has filed a brief in support of this motion, (Doc. 18), to which Appellant has responded, (Doc. 24), and Appellee William P. Miller, Bankruptcy Administrator has replied, joining in Appellee J & F's Amended Motion to Dismiss Appeal. (Doc. 25.) This matter is ripe for adjudication and, for the reasons stated below, this court will deny J & F's Amended Motion to Dismiss Appeal.

I. **FACTUAL BACKGROUND**

The relevant procedural history of this case goes back to December 2016, and is outlined below.

A. **Western District Bankruptcy Petition**

Rain Tree first filed a voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina on December 30, 2016. (Bankruptcy R. on Appeal pt. 2, Attach. 1, Amendment to Voluntary Pet. (Doc. 7-1) at 1.) This case was dismissed on March 31, 2017, for two reasons: (1) the debtor's (Rain Tree's) violations of the Chapter 11 Operating Order of the court and (2) "substantial continuing loss to the estate and the absence of a reasonable likelihood of reorganization." (Bankruptcy R. on Appeal pt. 1, Attach. 5, Order (Doc. 5-5) at 5-6.) J & F then filed a Motion for Relief from the Automatic Stay, (Bankruptcy R. on Appeal

pt. 1, Attach. 22, Mot. for Relief from Stay (Doc. 5-22)), which the bankruptcy court granted. (Bankruptcy R. on Appeal pt. 1, Attach. 7, Order Granting Relief (Doc. 5-7).) Rain Tree then filed an Emergency Motion Requesting Reconsideration of Order Lifting the Automatic Stay, (Bankruptcy R. on Appeal pt. 2, Attach. 9, First Mot. to Reconsider (Doc. 7-9)), which was denied by the bankruptcy court. (Bankruptcy R. on Appeal pt. 1, Attach. 8, Order on Emergency Mot. (Doc. 5-8).)

    **B.**    **Middle District Bankruptcy Petition**

Rain Tree filed a second voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina on April 1, 2017. (Bankruptcy R. on Appeal pt. 1, Attach. 10, Voluntary Pet. (Doc. 5-10).) This case was dismissed on June 16, 2017, on res judicata grounds in addition to the reasons articulated by the Western District bankruptcy court. (Bankruptcy R. on Appeal pt. 1, Attach. 4, Order (Doc. 5-4) at 1; Tr. of Hearing held on June 1, 2017, before Judge Benjamin A. Kahn (Doc. 9) at 13-14.) The order dismissing this case included a finding "that bad faith existed on the part of the Debtor and the Debtor shall be banned from refiling bankruptcy for 180 days." (Bankruptcy R. on Appeal pt. 1, Attach. 4, Order (Doc. 5-4) at 1.)

After filing the instant appeal to this court, Rain Tree filed an Emergency Motion for Stay Pending Appeal with the bankruptcy court. (Bankruptcy R. on Appeal pt. 1, Attach. 26, Mot. to Stay Pending Appeal (Doc. 5-26).) The bankruptcy court conducted a hearing and denied the motion, finding that Rain Tree did not establish that it was likely to succeed on the merits of an appeal. (Opp'n Br. of Appellee J & F Partners, LLC ("Appellee's Opp'n Br."), Ex. 19, Mem. Order Denying Mot. for Stay Pending Appeal (Doc. 28-33) at 7, 29.)

C. **State Court Proceedings**

On January 31, 2016, J & F filed a Complaint in Summary Ejectment in the Forsyth County, North Carolina General Court of Justice. (Br. in Supp. of Mot. to Dismiss Appeal ("Appellee's Br."), Ex. A, Ejectment Complaint (Doc. 18-1).) This Complaint asserted that Rain Tree failed to pay rent, was holding over, and demanded, among other things, to be put into possession of the premises. (Id.) On September 18, 2017, J & F filed a Motion for Summary Judgment in this action. (Appellee's Br., Ex. B, Motion for Summary Judgment (Doc. 18-2).) On October 4, 2017, the Honorable Denise S. Hartsfield, North Carolina District Court Judge, granted the Motion for Summary Judgment. (Appellee's Br., Ex. C, Ejection Order (Doc. 18-4).) On

October 16, 2017, a Writ of Possession was entered directing the Forsyth County Sheriff's Office to remove Rain Tree from the 5100 Lansing Drive, Winston Salem, North Carolina premises. (Appellee's Br., Ex. D, Writ of Possession (Doc. 18-5).)

**II. ANALYSIS**

When an Article III court no longer has a case or controversy before it, it is without jurisdiction to adjudicate. See, e.g., Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017). "Short of that, a case may become moot under 'a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration.'" Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 841 F.2d 92, 95 (4th Cir. 1988) (quoting Chamber of Commerce v. United States Dep't of Energy, 627 F.2d 289, 291 (D.C. Cir. 1980)). As explained by the Fourth Circuit, the Supreme Court, many years ago in Mills v. Green, 159 U.S. 651, 653 (1895),

> declared that when, pending appeal, an event occurs, without the fault of the defendant, that makes it impossible for the court to grant effective relief to the plaintiff, should the plaintiff prevail on the merits, the appeal should be dismissed and the court should not proceed to judgment. It is the duty of a court to render a judgment in an actual controversy within its jurisdiction and in the presence of proper parties, but a court should not render an opinion in a

> dispute if the court is without the power to afford effective relief.

Cent. States, 841 F.2d at 95-96 (citing In re Combined Metals Reduction Co., 557 F.2d 179, 187 (9th Cir. 1977)).

Here, J & F claims that Rain Tree's appeal is subject to dismissal as equitably moot.[1] (Appellee's Br. (Doc. 18) at 1.) J & F contends that the relief Rain Tree requests – "a reinstitution of the Chapter 11 business reorganization case – is no longer possible due to the fact that Rain Tree's lease has been legally terminated and Rain Tree has been evicted from the Premises." (Id. at 5.) J & F asserts that "[t]here is simply no going concern to preserve; no business to reorganize." (Id. at 5-6.) Rain Tree, on the other hand, asserts that the relief it requests, "a reinstitution of the [sic] of its Chapter 11 case can be granted. Although, [it] has been evicted from the leased

---

[1] J & F has not cited, nor has this court located, a case in which the equitable mootness doctrine warranted dismissal of an appeal of a bankruptcy court's order dismissing a case. To the contrary, the only case this court located on the issue within the Fourth Circuit found the appeal to not be equitably moot. Mulhern v. Grigsby, Case No. RWT 13-cv-2376, 2015 WL 6001625, at *4 (D. Md. Oct. 9, 2015); see also 7 Collier on Bankruptcy ¶ 1129.09 (16th ed. rev. April 2018) ("Traditionally, the equitable mootness doctrine has been applied only to appeals from orders confirming plans of reorganization in chapter 11, and courts have often indicated a reluctance to move beyond that set of cases."). Even assuming this doctrine applies in this case, this court finds that J & F has not met its burden and will accordingly deny the motion.

premises, [it] has the ability to reoccupy the premises and operate the business in the same or similar fashion as the business has been oweprating [sic]." (Resp. to Mot. to Dismiss Appeal ("Appellant's Resp.")(Doc. 24) at 2.)

The Fourth Circuit, considering whether equitable mootness warranted the dismissal of an appeal from the bankruptcy court to the district court of a reorganization plan, has stated:

> Equitable mootness is a pragmatic doctrine "grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." It is invoked in bankruptcy proceedings because of the equitable nature of bankruptcy judgments and is applied when it becomes "impractical and imprudent 'to upset the plan of reorganization at [such a] late date.'" Application of the doctrine "is based on practicality and prudence," "does not employ rigid rules," and requires that a court "determine whether judicial relief on appeal can, as a pragmatic matter, be granted." Relevant factors in this determination include:
>
>> (1) whether the appellant sought and obtained a stay; (2) whether the reorganization plan or other equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the reorganization plan or other equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

In re Bate Land & Timber LLC, 877 F.3d 188, 195 (4th Cir. 2017) (citations omitted) (reciting what are known as the "Mac Panel

factors"). "[A]ppellee[], as the moving part[y], bear[s] the burden of showing that [Appellant's] appeal is equitably moot and should be dismissed." In re Anderson, 349 B.R. 448, 454 (E.D. Va. 2006).[2]

Rain Tree believes that, if this court were to review the bankruptcy court's order dismissing its case and its Chapter 11 bankruptcy proceedings were reinstated, a reorganization of its business could be successful. (See Appellant's Resp. (Doc. 24) at 4.) Rain Tree's briefing argues that there is still a business to preserve and reorganize. (Id.)

Considering the Mac Panel Co. v. Va. Panel Corp., 283 F.3d 622, 625 (4th Cir. 2002), factors listed above, this court notes the following:

First, while Rain Tree sought a stay in the United States Bankruptcy Court for the Middle District of North Carolina, (Bankruptcy R. on Appeal pt. 1, Attach. 26, Mot. to Stay Pending Appeal (Doc. 5-26)), this request was denied, (Appellee's Opp'n

---

[2] See also In re SemCrude, L.P., 728 F.3d 314, 321 (3d. Cir. 2013); In re Stephens, 704 F.3d 1279, 1283 (10th Cir. 2013); In re Focus Media, Inc., 378 F.3d 916, 923 (9th Cir. 2004); Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Servs. US, LLC, 578 B.R. 325, 348 (E.D. Va. 2017); S. Pac. Transp. Co. v. Voluntary Purchasing Grps., Inc., 246 B.R. 532, 534 (E.D. Tex. 2000) ("Obviously, the burden is upon the party asserting the equitable mootness doctrine to prove that it applies.").

Br., Ex. 19, Mem. Order Denying Mot. to Stay Pending Appeal (Doc. 28-33)). Rain Tree neither sought to appeal the stay denial to this court nor sought an independent stay before this court. Likewise, Rain Tree did not seek to appeal the denial of its motion for reconsideration in the Western District. (Doc. 7-9; Doc. 5-8.) This factor supports a finding of mootness. See In re U.S. Airways Grp., Inc., 369 F.3d 806, 809-10 (4th Cir. 2004).

Second, there is no reorganization plan or other equitable relief that has been substantially consummated. "Applied principally in bankruptcy proceedings because of the equitable nature of bankruptcy judgments, equitable mootness is often invoked when it becomes impractical and imprudent 'to upset the plan of reorganization at this late date.'" Mac Panel, 283 F.3d at 625 (quoting In re UNR Indus., Inc., 20 F.3d 766, 769 (7th Cir. 1994)). In this case, reorganization has not occurred. This factor weighs against a finding of equitable mootness. See Mulhern v. Grigsby, Case No. RWT 13-cv-2376, 2015 WL 6001625, at *4 (D. Md. Oct. 9, 2015) ("[T]here is no confirmed . . . Plan at present that would be upset were this Court to overrule the Bankruptcy Court.").

Considered together, the third and fourth Mac Panel factors illustrate why this court is unable to find, from this record, that the relief requested on appeal would not affect the success of the reorganization plan or other equitable relief granted nor would the relief requested affect the interests of any third party. As in In re Bate Land & Timber LLC, 877 F.3d 188, 195 (4th Cir. 2017), "[t]his case essentially presents a two-party dispute." As there was no reorganization plan that went into effect, no third parties acted in reliance on such a plan. See id. at 196 ("[T]he Debtor has not engaged in significant transactions with third parties who relied on the Confirmed Plan's terms such that alteration of the Confirmed Plan would negatively impact the Confirmed Plan and the third parties who relied upon it."). Both the third and fourth factors, in absence of a confirmed plan, weigh heavily against mootness. See id.

The Mac Panel factors, taken together, weigh against a finding of equitable mootness. Moreover, the ultimate question before the court, which the factors assist it in considering, is "whether judicial relief on appeal can, as a pragmatic matter, be granted." Mac Panel Co., 283 F.3d at 625. While J & F, the party carrying the burden, presents information to support that Rain Tree has been evicted from the premises in question, it

does not present any information to the court as to (a) whether the premises has since been leased or sold to a third party or (b) whether the lease is Rain Tree's only asset that might be affected by any relief ordered by this court. Rain Tree's argument, that it might be able to reoccupy the premises, is entirely unsupported, but ultimately, it is J & F's burden to establish mootness. While in no way expressing an opinion as to the likelihood of Rain Tree's success on the merits of this appeal, this court, on the record before it, cannot conclude that this appeal is equitably moot.

**III. CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** that J & F Partners, LLC's Amended Motion to Dismiss Appeal (Doc. 17) is **DENIED. IT IS FURTHER ORDERED** that J & F Partners, LLC's Motion to Dismiss Appeal (Doc. 15) is **DENIED AS MOOT.**

This the 22nd day of March, 2018.

_____
United States District Judge