IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
In re:                            )
                                  )
RAIN TREE HEALTHCARE OF           )
WINSTON-SALEM, LLC,               )
                                  )
          Debtor,                 )
                                  )
_____)
                                  )
RAIN TREE HEALTHCARE OF           )
WINSTON-SALEM, LLC,               )
                                  )
          Appellant,              )
                                  )
     v.                           )       1:17CV546
                                  )
J & F PARTNERS, LLC, and          )
WILLIAM P. MILLER,                )
                                  )
          Appellees.              )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Appellant Rain Tree Healthcare of Winston-Salem, LLC ("Rain Tree") filed a voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina. (Bankruptcy R. on Appeal pt. 1, Attach. 10, Voluntary Pet. (Doc. 5-10).) On June 1, 2017, the Bankruptcy Court announced its ruling on the motion to dismiss. (Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9).) The Bankruptcy Court then entered a written order adopting its oral findings and formally dismissing the case. (Bankruptcy R. on

Appeal pt. 1, Attach. 4, Order (Doc. 5-4) at 1.) Rain Tree then filed a motion to stay, (Bankruptcy R. on Appeal pt. 1, Attach. 26, Mot. to Stay Pending Appeal (Doc. 5-26)), which was denied, (Opp'n Br. of Appellee J & F Partners, LLC ("Appellee's Br."), Ex. 19, Mem. Order Denying Mot. for Stay Pending Appeal (Doc. 28-33) at 7, 29). Rain Tree then appealed the order dismissing the case to this court. (Doc. 1.)

Appellant Rain Tree has filed its brief, (Doc. 12), to which Appellee J & F Partners, LLC ("J & F"), responded in opposition, (Doc. 28), and Appellee William P. Miller, Bankruptcy Administrator, also responded in opposition, (Doc. 31). No reply was filed. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. This matter is ripe for adjudication and, for the reasons stated below, this court finds that the Bankruptcy Court's order dismissing the case should be affirmed.

I. **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The relevant procedural history of this case goes back to December 2016, and is outlined below.

A. **Western District Bankruptcy Petition**

Rain Tree first filed a voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina on December 30, 2016. (Bankruptcy R.

on Appeal pt. 2, Attach. 1, Amendment to Voluntary Pet. (Doc. 7-1) at 1.)[1] On January 13, 2017, the bankruptcy trustee moved to dismiss this case for failure to provide proof of adequate insurance. (Bankruptcy R. on Appeal pt. 2, Attach. 3, Mot. to Dismiss (Doc. 7-3).) On March 1, 2017, J & F moved to dismiss this case for cause under 11 U.S.C. § 1112(b). (Bankruptcy R. on Appeal pt. 2, Attach. 11, Mot. to Dismiss Case (Doc. 7-11) at 1.) On March 15, 2017, the Western District Bankruptcy Court held a hearing on the motions, and on March 31, 2017, it issued a written order dismissing the case. (Bankruptcy R. on Appeal pt. 1, Attach. 5, Order on Mots. to Dismiss (Doc. 5-5) at 5-6.)

As relevant to this case, the Western District Bankruptcy Court found that

> it is clear to this Court that the Debtor has violated the Chapter 11 Operating Order of this Court. While, typically, each one of the cited violations is not, in and of itself, sufficient to warrant a dismissal of a case, in this case all of the violations and deficiencies taken together are undoubtedly enough to warrant a dismissal. . . . The Debtor has been playing "catch-up" since the beginning of the case and this Court has made it clear that such would not be tolerated. All of these deficiencies taken together establish a basis for granting the [Bankruptcy Administrator's] Motion to Dismiss.

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

(Appellee's Br., Ex. 11, Order on Mots. to Dismiss (Doc. 28-15) at 5.) The Western District Bankruptcy Court further found that

> cause exists for dismissal based on substantial continuing loss to the estate and the absence of a reasonable likelihood of reorganization. The budget presented by the Debtor reflects a net operating loss for February through April, 2017. In addition, the budget includes payments of only $6,500 per month for Chapter 11 payments yet the Debtor offered no evidence that this payment amount would be sufficient under a Plan of Reorganization. Furthermore, this Court does not believe there is reason to believe that the numbers are realistic.

(Id. at 6.) The relevant factual findings leading to these legal conclusions will be addressed as necessary hereafter in this court's analysis. No appeal was taken from the Western District Bankruptcy Court order, and that order is final.

### B. Middle District Bankruptcy Petition

Rain Tree filed a second voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina on April 1, 2017, (Bankruptcy R. on Appeal pt. 1, Attach. 10, Voluntary Pet. (Doc. 5-10)), just one day after the Western District's written order was entered. On April 4, 2017, J & F filed a motion to dismiss arguing that dismissal was warranted on grounds of res judicata and further arguing that reorganization was objectively futile and the filing was in bad faith. (Bankruptcy R. on Appeal pt. 1, Attach. 13, Mot. to Dismiss (Doc. 5-13) at 1.) On April 5, 2017, the

Bankruptcy Administrator filed his motion to dismiss on similar grounds, arguing, inter alia, that no changed circumstances existed to justify the second Chapter 11 petition. (Bankruptcy R. on Appeal pt. 1, Attach 17, Mot. to Dismiss Case (Doc. 5-17) at 1.)

The Middle District Bankruptcy Court held an evidentiary hearing on the motions to dismiss on May 4, 2017, and following that hearing, took the matter under advisement. (Tr. of May 4, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 8) at 192-93.) On June 1, 2017, the Bankruptcy Court issued oral findings, concluding that the case should be dismissed. (Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 13-14.) The Bankruptcy Court found that (1) Rain Tree failed to establish a sufficient change in circumstances to avoid the res judicata effect of the dismissal order of the Western District; (2) that there were adequate grounds to dismiss the case for "cause" under Section 1112(b) of the Bankruptcy Code due to continuing loss and diminution of the estate and an absence of the reasonable likelihood of reorganization; and (3) further support for dismissal existed given a finding of bad faith. (Id. at 5-19.) On June 16, 2017, the Bankruptcy Court issued its written order dismissing the case and barring Rain Tree from refiling

for 180 days. (Bankruptcy R. on Appeal pt. 1, Attach. 4, Order (Doc. 5-4) at 1.)

On June 16, 2017, Appellant filed a Notice of Appeal to this court. (Notice of Appeal (Doc. 1).) The Bankruptcy Court's Record on Appeal was docketed on August 28, 2017. (See Docs. 3-7.)

### C. State Court Proceedings

One of the assets Rain Tree listed in its Voluntary Petition before the Middle District Bankruptcy Court was a lease agreement with J & F. (Bankruptcy R. on Appeal pt. 1, Attach. 10, Voluntary Pet. (Doc. 5-10) at 12.) According to Debtor's schedule that lease "provides the Debtor with a 5 year Right of Renewal and a Right of First Refusal." (Id.) No value was listed. (Id.)

Following dismissal of the case in the Western District, J & F filed a Motion for Relief from Automatic Stay, which the Western District Bankruptcy Court granted. (Bankruptcy R. on Appeal pt. 2, Attach. 2, Mot. for Relief from the Automatic Stay (Doc. 7-2); Bankruptcy R. on Appeal pt. 1, Attach. 7, Order Granting Relief (Doc. 5-7).) After the Western District Bankruptcy Court entered its order granting relief from the automatic stay on January 30, 2017, J & F filed a Complaint in Summary Ejectment in the Forsyth County, North Carolina General

Court of Justice on January 31, 2017. (Br. in Supp. of Mot. to Dismiss Appeal ("Appellee's Mot. to Dismiss Br."), Ex. A, Ejectment Complaint (Doc. 18-1).) This Complaint asserted that Rain Tree failed to pay rent, was holding over, and demanded, among other things, to be put into possession of the premises. (Id.)

Following dismissal of the second bankruptcy case in the Middle District Bankruptcy Court on June 16, 2017, (Bankruptcy R. on Appeal pt. 1, Attach. 4, Order (Doc. 5-4) at 1), J & F filed a Motion for Summary Judgment in the summary ejectment action on September 18, 2017, (Appellee's Mot. to Dismiss Br., Ex. B, Motion for Summary Judgment (Doc. 18-2)). On October 4, 2017, the Honorable Denise S. Hartsfield, North Carolina District Court Judge, granted the Motion for Summary Judgment on J & F's claim for summary ejectment. (Id., Ex. C, Ejection Order (Doc. 18-4).) On October 16, 2017, a Writ of Possession was entered directing the Forsyth County Sheriff's Office to remove Rain Tree from the 5100 Lansing Drive, Winston Salem, North Carolina premises. (Id., Ex. D, Writ of Possession (Doc. 18-5).) According to J & F, on October 18, 2017, the Forsyth County Sheriff's Office executed on the Writ of Possession, removing Rain Tree from the premises and returning possession to J & F. (Appellee's Br. (Doc. 28) at 13.)

## II. STANDARD OF REVIEW

On appeal from the Bankruptcy Court, this court functions as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. In re Merry-Go-Round Enters., Inc., 400 F.3d 219, 224 (4th Cir. 2005). Mixed questions of law and fact are reviewed de novo. In re Litton, 330 F.3d 636, 642 (4th Cir. 2003).

## III. ANALYSIS

Rain Tree raises eleven issues on appeal.[2] (See Appellant's Br. (Doc. 12) at 4-5.) One of these issues is whether the Bankruptcy Court erred in dismissing Rain Tree's case for cause under § 1112(b). (Id. at 5, 7.) In dismissing the case, the Bankruptcy Court listed three independent bases for its decision: res judicata, cause under § 1112(b), and bad faith. (Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 5-19.) This court finds that cause for dismissal existed under § 1112(b) for both substantial or continuing loss to or diminution of the estate and bad faith and will accordingly affirm the Bankruptcy Court. In light of this conclusion, this court will not reach Rain Tree's other assignments of error.

---

[2] This court notes that many of the issues Rain Tree raises on appeal overlap in a confusing manner but primarily boil down to complaints surrounding the three bases for dismissal identified by the Bankruptcy Court.

**A.  Legal Framework**

Under 11 U.S.C. § 1112(b)(1), "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." Section 1112(b)(4) then provides a non-exhaustive list of circumstances constituting "cause," including: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation[.]" Dismissal for cause on this basis "requires Movants to demonstrate the existence of both components: 1) the 'substantial or continuing loss or diminution of the estate' and 2) 'the absence of a reasonable likelihood of rehabilitation.'" In re Landmark Atl. Hess Farm, LLC, 448 B.R. 707, 713 (Bankr. D. Md. 2011) (footnote omitted); see also In re Paterno, 511 B.R. 62, 66 (Bankr. M.D.N.C. 2014).

Additionally, the Fourth Circuit has interpreted § 1112(b) to include a good faith filing requirement, holding "that the broad language of § 1112(b) 'supports the construction that a debtor's lack of "good faith" may constitute cause for dismissal of a petition.'" Carolin Corp. v. Miller, 886 F.2d 693, 699 (4th Cir. 1989) (quoting In re Albany Partners, Ltd., 749 F.2d 670,

674 (11th Cir. 1984).) "[B]oth objective futility and subjective bad faith [must] be shown in order to warrant dismissals for want of good faith in filing." Id. at 700-01. In outlining its two-part test, the Fourth Circuit explained:

> The overall aim of the twin-pronged inquiry must of course be to determine whether the purposes of the Code would be furthered by permitting the Chapter 11 petitioner to proceed past filing.
>
> The objective futility inquiry is designed to insure that there is embodied in the petition "some relation to the statutory objective of resuscitating a financially troubled [debtor]." It should therefore concentrate on assessing whether "there is no going concern to preserve . . . and . . . no hope of rehabilitation, except according to the debtor's 'terminal euphoria.'"
>
> The subjective bad faith inquiry is designed to insure that the petitioner actually intends "to use the provisions of Chapter 11 . . . to reorganize or rehabilitate an existing enterprise, or to preserve going concern values of a viable or existing business." Put obversely, its aim is to determine whether the petitioner's real motivation is "to abuse the reorganization process" and "to cause hardship or to delay creditors by resort to the Chapter 11 device merely for the purpose of invoking the automatic stay, without an intent or ability to reorganize his financial activities."

Id. at 701-02 (citations omitted).

    **B.**    **The Bankruptcy Court's Reasoning**

In the present case, the Bankruptcy Court found cause to dismiss the case under § 1112(b)(4)(A), stating that "there is a substantial continuing loss to or diminution of the estate, and that there is an absence of any likelihood of reorganization."

(Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 14.) In support of this finding, the court found that "the circumstances underlying [the Western District's] order still exist[,]" including: the disputed lease with existing nonpayment of rent, the non-curable nature of the lease, a net operating loss, and "nothing left for the plan payments outside of a projected budget that the debtor has repeatedly failed to meet in light of the operation of this business."[3] (Id.) The court went on to note additional evidence since provided:

> that the license in this case had been denied a renewal . . . .
>
> There are many budget shortfalls. The debtor had not escrowed for property taxes. The debtor had not paid utilities. The debtor did not catch up with the

---

[3] The Western District Bankruptcy Court also dismissed Rain Tree's previous case for cause, finding "substantial continuing loss to the estate and the absence of a reasonable likelihood of reorganization." (Bankruptcy R. on Appeal pt. 1, Attach. 5, Order (Doc. 5-5) at 6.) In support of this finding, the Western District similarly noted:

> The budget presented by the Debtor reflects a net operating loss for February through April, 2017. In addition, the budget includes payments of only $6,500 per month for Chapter 11 payments yet the Debtor offered no evidence that this payment amount would be sufficient under a Plan of Reorganization. Furthermore, this Court does not believe there is reason to believe that the numbers are realistic.
>
> In addition the budget does not include any amount to catch up the arrearages under the lease.

(Id.)

>     Medicaid patients for their deficient payments
>     promptly, and that a successful reorganization is not
>     just a cure in this case, but it's a purchase and
>     sale, which means that the debtor has to both have a
>     right to exercise the option, and even if the option
>     is available, the debtor needs to have the means to
>     exercise the option.

(Id. at 14-15.)

The Bankruptcy Court further found there to be "cause to dismiss the case for bad faith . . . ." (Id. at 15.) Applying the Carolin two-pronged inquiry, the Bankruptcy court stated: "For objective [f]utility, the Court has already discussed the likelihood of reorganization and finds the same with respect to objective [f]utility under the Carolin[] case. With respect to subjective bad faith, the Court must determine that the debtor filed for some impermissible purpose."[4] (Id. at 16.) Citing In re Premier Automotive Services, Inc., 492 F.3d 274 (4th Cir. 2007), the Bankruptcy Court explained that bad faith could be found where bankruptcy was invoked for the purpose of the automatic stay, with motivations of halting or delaying an eviction. (Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 17.) Citing In re Little Creek Development Co., 779 F.2d 1068

---

[4] Having reviewed the entire transcript from this hearing and considered this quote in context with the issues before the Bankruptcy Court, this court concludes that typographical errors exist in the transcript. This quote is modified to correct said errors.

(5th Cir. 1986), the Bankruptcy Court outlined facts which "indicate what a typical subjective bad-faith case looks like[.]"[5] (Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 17.)

> These factors were, one, whether the debtor had a single asset, whether the assets are totally encumbered, whether there are any employees other than the principal, whether the cash flow is inadequate, whether there are only a few unsecured claims in relatively small amounts, whether the property is in foreclosure, whether the bankruptcy is the only way of forestalling loss of the property.

(Id.) The Bankruptcy Court then noted which indicia of bad faith filing were present in this case:

> In this case, the debtor's asset is essentially the license to operate an adult care facility, which has now been denied on appeal after its revocation.
>
> The debtor has accumulated significant arrearages on its lease with J&F, and J&F claims in a pending state court proceeding that the lease has expired.
>
> Based on the revenue that's been listed in the debtor's budget, cash flow is and has been inadequate throughout debtor's operation. The primary unsecured claims in this case are held by the employment security commission and the IRS. J&F has attempted to use its save-all release to evict the debtor from the facility, but has been forestalled by successive filings of the two bankruptcies.

---

[5] In re Little Creek has been repeatedly cited favorably on this point of law by the Fourth Circuit. See, e.g., Carolin Corp., 886 F.2d at 696 (referring to "'indicia' of bad faith filings recognized by the Little Creek court"); In re Belair 301-50 S.W. Quadrant Commercial Props., Inc., No. 92-1233, 1992 WL 200849, at *3 (4th Cir. 1992) (unpublished table decision).

> Furthermore, determinative – especially determinative in this case is the previous bankruptcy case in the [W]estern [D]istrict. The debtor vigorously challenged successfully the transfer to the [M]iddle [D]istrict. The debtor then filed a petition in the [M]iddle [D]istrict a mere one day after the dismissal of the case in the Western District,[6] and this is to forum shopping in an attempt of the debtor to further delay J&F in state court.
>
> The context within which this petition was filed is indicative of exactly the subjective bad-faith contemplated by Carolin[] and Premier. As such, the Court will dismiss this case for bad faith indicated under 1112(b).

(Id. at 18-19.)

---

[6] Both parties state that Rain Tree's first Bankruptcy case in the Western District was dismissed by an oral order during a March 15, 2017 hearing, (Appellant's Br. (Doc. 12) at 6; Appellee's Br. (Doc. 28) at 9), and that a subsequent written order dismissing the case was entered on March 31, 2017, (Appellee's Br., Ex. 11, Order on Mots. To Dismiss (Doc. 28-15) at 6). The present bankruptcy case was filed in the Middle District on April 1, 2017. (Bankruptcy R. on Appeal pt. 1, Attach. 10, Voluntary Pet. (Doc. 5-10).) Thus, approximately seventeen days elapsed between the oral order dismissing the prior case and re-filing while only one day elapsed between the written order dismissing the prior case and re-filing.

The Bankruptcy Court for the Middle District made clear that "the date of the entry of the order is determinative for purposes of res judicata[,]" (Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 7), and accordingly, found that one day elapsed between dismissal of the first bankruptcy case and filing of the present case, (id. at 5). Under 11 U.S.C. § 102(6), it is clear that use of the term "order for relief" means entry of an order for relief. Thus, "if the time for taking action or determining rights extends from the order for relief, the period begins at the time of entry of the order for relief and not from any other time, such as when the court orally announced that an order for relief would be entered . . . ." 2 Collier on Bankruptcy ¶ 102.07 (16th ed. rev. Apr. 2018).

### C. Substantial or Continuing Loss to or Diminution of the Estate

Arguing that the Bankruptcy Court erred in dismissing its case for cause under 11 U.S.C. § 1112(b)(4)(A), Rain Tree first contends that the court improperly "relied on [the] perceived inability of Appellant to cure its lease with J & F Partners" when § 365(d)(4) of the Bankruptcy Code "affords the Debtor one hundred and twenty (120) days to assume of [sic] reject a commercial lease with an additional ninety (90) day extension for cause." (Appellant's Br. (Doc. 12) at 14-15 (footnote omitted).) In so arguing, Rain Tree suggests that its case was improperly dismissed at too early a stage of the bankruptcy proceedings. (See id.)

Rain Tree has not presented any authority supporting its contention that bankruptcy cases may not be dismissed under § 1112 prior to the expiration of the 120-day time frame for rejection or assumption of a lease under § 365. Given that 11 U.S.C. § 1112(b)(3) contemplates decisions on motions to convert or dismiss being rendered within forty-five days of filing, without reference to the age of the case, it seems that Rain Tree's argument is without merit. However, this court need not definitively resolve this question for two reasons. First, even if the Bankruptcy Court improperly dismissed Rain Tree's case prior to the 120-day period provided by § 365, Rain Tree

has presented no evidence sufficient to convince this court that, in light of the substantial continuing losses to its business, that Rain Tree could have successfully cured the arrearage under the lease with more time. Both bankruptcy courts, in dismissing Rain Tree's case, commented on Rain Tree's continual failure to pay rent. (Appellee's Br., Ex. 11, Order on Mots. To Dismiss (Doc. 28-15) at 4; Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 14, 19.) During this period, Rain Tree was unable to catch up on rent payments, as evidenced by its eventual eviction for nonpayment. (Appellee's Mot. to Dismiss Br., Ex. D, Writ of Possession (Doc. 18-5).) 11 U.S.C. § 365(d)(3) requires a debtor to continue paying rent during the pendency of a bankruptcy case, which did not occur in this case. Further, as a practical matter, Rain Tree enjoyed more than 120 days of Bankruptcy protection given the prior iteration of this case in the Western District. (See Bankruptcy R. on Appeal pt. 2, Attach. 1, Amendment to Voluntary Pet. (Doc. 7-1) at 1 (filing in Western District December 30, 2016); Bankruptcy R. on Appeal pt. 1, Attach. 4, Order (Doc. 5-4) at 1 (dismissal from Middle District on June 16, 2017).) Second, an independent basis for dismissing Rain Tree's case for cause, bad faith, is present, resulting in the same outcome regardless.

Rain Tree next argues that "its license to operate was active at the time of its filing and had not been suspended" and that "the Bankruptcy Court erred when it found that Appellant's license was suspended and therefore the reorganization was futile." (Appellant's Br. (Doc. 12) at 15.) With respect to this argument, J & F concedes that the Bankruptcy Court "may have incorrectly reached a conclusion that the Appellant was operating without a license" but argues that this "fact alone has no bearing on the ultimate rulings . . . because the dismissal under Section 1112(b)(4)(A) was also based on a multitude of other facts." (Appellee's Br. (Doc. 28) at 21.) This court agrees with J & F that the Bankruptcy Court's determination that cause existed under § 1112(b)(4)(A) rested on many grounds other than the state of Rain Tree's license. Even assuming, arguendo, that the Bankruptcy Court's factual finding as to Rain Tree's license was incorrect, the remaining grounds constituting cause identified by the Bankruptcy Court independently support dismissal for cause. (See Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 14-15 (listing the disputed lease with nonpayment of rent, non-curable nature of the lease, net operating loss, failure to meet plan payments, budget shortfalls, non-escrow of property taxes, nonpayment of utilities, and Medicare payment deficiencies).)

Accordingly, this court concludes that the Bankruptcy Court did not err in dismissing Rain Tree's case for cause under § 1112(b)(4)(A).

**D.   Bad Faith**

With respect to the Bankruptcy Court's finding of bad faith, Rain Tree argues that it was not engaged in forum shopping as both the Western District and the Middle District were appropriate fora. (Appellant's Br. (Doc. 12) at 16.) Rain Tree then repeats the arguments listed above, suggesting that it is improper for the Bankruptcy Court to have relied upon similar facts in support of its finding of both substantial continuing losses to the estate and bad faith. (Id.)

A bankruptcy court's ultimate finding that a filing is not in good faith is "one of fact subject to the clearly erroneous standard." Carolin Corp., 886 F.2d 693, 702 (4th Cir. 1989). As the Bankruptcy Court explained, in the Western District case, Rain Tree was successful in "vigorously challeng[ing]" transfer to the Middle District, and then filed in the Middle District just one day after its case was dismissed in the Western District. (Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 18.) This court does not find the Bankruptcy Court's finding that Rain Tree was engaged in forum shopping indicative of bad faith to be clearly erroneous.

Again contending that its case was dismissed at too early a juncture, Rain Tree cites to Carolin, 886 F.2d at 700, and contends that "any dismissal based on the Appellant['s] inability to cure the commercial lease arrearages was premature at best and resulted in denying the Appellant access at the very portals of bankruptcy, before its ongoing proceeding had even begun to develop the total shape of the Appellant's situation." (Appellant's Br. (Doc. 12) at 15.) This argument ignores the procedural history of this case. While the Carolin court did emphasize that dismissing a bankruptcy case for lack of good faith at the time of filing, prior to a full development of the debtor's situation, was a drastic determination not to be made lightly, that case did not consider successive filings. 886 F.2d at 700. The concern regarding dismissal of cases at an early stage is simply not present in instances of repeat filings. See In re Carter, 500 B.R. 739, 745-46 (Bankr. D. Md. 2013) ("That rationale would not seem to apply where a debtor has had numerous opportunities to reorganize successfully through several prior cases and has failed to do so. Here, for example, given his history in this court, in no way can the Debtor be said to be 'at the very portals of bankruptcy,' and his financial and personal situation has been fully developed through numerous hearings and proceedings.").

Ultimately, this court agrees with the Bankruptcy Court's finding of both objective futility and subjective bad faith in this case. See In re Premier Automotive Servs., 492 F.3d at 280-81; Carolin Corp., 886 F.2d at 699. The objective futility of Rain Tree's case is evidenced by those same facts indicating that there is not a likelihood of reorganization. (See Tr. of June 1, 2017 Hr'g before Judge Benjamin A. Kahn (Doc. 9) at 14-15 (listing the disputed lease with nonpayment of rent, non-curable nature of the lease, net operating loss, failure to meet plan payments, budget shortfalls, non-escrow of property taxes, nonpayment of utilities, and Medicare payment deficiencies).) Subjective bad faith is evidenced by Rain Tree's use of bankruptcy proceedings to stall its inevitable eviction from the commercial facility and engagement in forum shopping. For this reason, this court concludes that the Bankruptcy Court appropriately dismissed Rain Tree's case for cause due to a lack of good faith.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Order of the Bankruptcy Court (Doc. 5-4) is **AFFIRMED**.

This the 1st day of May, 2018.

/s/ William L. Osteen, Jr.
United States District Judge